UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN HECHT,

  Plaintiff,                                 CASE NO.:

-VS-

WELLS FARGO BANK, N.A.,

  Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Lynn Hecht, by and through the undersigned counsel, and sues Defendant, Wells Fargo Bank N.A., (hereinafter "Wells Fargo"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Wells Fargo from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.   According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." <u>Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones</u>, Federal Communications Commission, (May 27, 2015),http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC333676A1.pdf

## JURISDICTION AND VENUE

5.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6.   The alleged violations described herein occurred in New Port Richey, Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7.   Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

8.   Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

9.   Plaintiff is an "alleged debtor."

10.   Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, WELLS FARGO BANK, N.A., is a corporation and national association, with its principal place of business in San Francisco, California, and conducting business in the State of Florida.

12. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Wells Fargo called Plaintiff approximately five hundred (500) times since February 1, 2016, in an attempt to collect a debt.

14. Wells Fargo attempted to collect a debt from Plaintiff by this campaign of telephone calls.

15. Wells Fargo intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

16. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

17. Upon answering Defendant's incessant calls, Plaintiff was met with a pre-recorded message.

18. Each call Wells Fargo made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19. Each call Wells Fargo made to Plaintiff's cell phone (727-309-6535) was done so without the "express permission" of Plaintiff.

20. In February 2016, Plaintiff closed his account with Wells Fargo Bank.

21. Despite closing his account with Defendant, Defendant continued to process transactions through the now closed bank account.

22. Upon initially receiving calls Plaintiff would explain that Wells Fargo that the account was closed, they should not have continued processing transactions, he was not responsible for the alleged debt, and to stop calling.

23. In total, Plaintiff spoke to agents of Wells Fargo on multiple occasions and informed them to cease calling him.

24. Despite Plaintiff's repeated requests for Wells Fargo to stop bombarding him with harassing calls, Wells Fargo willfully ignored Plaintiff's pleas and continued to place automated and pre-recorded calls to him.

25. Due to the tremendous volume of calls received, Plaintiff was not able to catalogue each and every call, however Plaintiff was able to note that he received calls from: 877-647-8552 on February 10, 2017; February 11, 2017; and February 14, 2017 and identical prerecorded messages were left on his voicemail.

26. Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27. Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Wells Fargo to remove the number.

28. Wells Fargo's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Wells Fargo that they wish for the calls to stop.

29. Wells Fargo has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30. Wells Fargo has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call after being requested to stop.

31. Wells Fargo has had numerous complaints from consumers across the country against it asking to not be called, however, Defendant continues to call the consumers.

32. Wells Fargo's corporate policy provided no means for Plaintiff to have his number removed from the call list.

33. Wells Fargo has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

34. From about February 1, 2016 through the filing of this Complaint, Defendant placed approximately (500) automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have believed to have had to place calls to his aforementioned cellular telephone number.

35. Not a single call placed by Wells Fargo to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Wells Fargo willfully and/or knowingly violated the TCPA with respect to Plaintiff.

### COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates Paragraphs one (1) through thirty six (36) above.

38. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

5

39. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant she disputed the debt and to stop calling Plaintiff.

40. Wells Fargo repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo for statutory damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

41. Plaintiff incorporates one (1) through thirty-six (36) above.

42. At all times relevant to this action Wells Fargo is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43. Wells Fargo has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

44. Wells Fargo has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

45. Wells Fargo's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Wells Fargo for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

*/s/ Amanda J. Allen, Esquire*
**Amanda J. Allen, Esq.**
Florida Bar #: 0098228
William Peerce Howard, Esq.
Florida Bar #: 0103330
THE CONSUMER PROTECTION FIRM
210-A South MacDill Ave
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*